Moore, J.
The relator’s information is as follows, (omitting the caption and verification):
“The relator, James H. Clime, now comes into court and gives the court to understand and be informed,
“That he is a citizen of the state of Ohio, and is a legal and qualified elector in the county of Van Wert, in said state, eligible to office therein, and that he has been such for, to-wit: more than twenty years last past.
“ That at the annual election held in said county of Van Wert, on the first Tuesday after the first Monday in November, for the election, among other officers, of a county audi *600 tor, to discharge the duties of said office for a term of three years, beginning the second Monday of September, 1894, the relator James R. Clime was duly elected to be such auditor, and as such has been duly commissioned, and has given bond to the acceptance of the board of county commissioners of said county, and has taken the oath of office, and is lawfully entitled to exercise the powers and duties and to receive the fees and emoluments of said office during said term, but that the defendant, Lewis A. Harvey has usurped and wrongfully holds and exercises said office, and as such officer assumes to do and perform all and singular the duties pertaining to said office, and to receive the fees and emoluments thereof, to the exclusion and against the rights of the relator, under a claim following, to-wit:
“On the first Tuesday after the first Monday in November, 1890, the said defendant Lewis A. Harvey was duly elected as auditor of said Van Wert county, Ohio, for a term of three years beginning on the second Monday of September following, being the second Monday of September, 1891, and he was duly commissioned, took the oath of office, qualified and entered upon the duties of the office, and he now claims that his term as such auditor of said county has been extended to the third Monday of October, 1894, by virtue of a certain act passed by the General Assembly of the State of Ohio, on the 21st day of May, 1894, all to the great injury of the citizens of the state of Ohio.
“Whereforethe relator prays that defendant be required to answer by what warrant he claims to have, use, exercise and enjoy said office of auditor of Van Wert county, Ohio, and that he be adjudged not entitled thereto, and that the judgment of ouster therefrom may be pronounced against him, and that relator may be adjudged entitled to said office and its franchises.”
The respondent filed the following answer :
“Now comes the defendant and admits the election of the relator at the general election held in November, 1893, and *601 that he executed a bond as such auditor, and that the same was approved by the board of commissioners of Van Wert county; and he also admits that the defendant was elected and qualified as county auditor as averred in the petition herein, and he also admits that the legislature did, on the 21st day of May, 1894, pass a law requiring the defendant as such auditor to continue in the discharge of the duties of the office of county auditor of Van Wert county, Ohio, until the third Monday of October, 1894, and that acting under the command of said statute, he has continued to discharge the duties imposed upon him thereby.
“Wherefore he asks that the petition be dismissed, and that he recover his costs.”
To this answer a general demurrer was filed.
On the 21st of May, 1894, the legislature passed the following act (91 O. L. 398):
“ Sec. 1. Be it enacted by the General Assembly of the State of Ohio, that sec. 1013 of the Revised Statutes of Ohio be amended so as to read as follows :
Sec. 1013. A county auditor shall be chosen triennially in each county, who shall hold his office for three years, commencing on the third Monday in October next after his election.
“ Sec. 2. The term of office of any county auditor in office at the time of the passage of this act, shall be extended to the third Monday of October following the expiration of his term under the original section 1013.
Sec. 3. That said original section 1013 is hereby repealed, and this act shall take effect and be in force from and after its passage.
The original section 1013 provided that the term of office of the auditor should begin on the second Monday of September next after his election. The sole question therefore is whether the term of office of the relator would begin as provided in the original section 1013, or as provided in the amended statute of May 21, 1894. The relator was elected *602 and commissioned prior to the passage of the act of 1894, and while it is not seriously contended but what the legislature had the right to fix the time at which the term of office shall begin, yet- it is contended that the relator was elected for a term of office “commencing on the second Monday of September next after his election,” which occurred at the November election, 1893; that the second section of the act of 1894, is the one that postponed the beginning of the relator’s term of office; and that such section created a. vacancy, which the legislature undertook to fill without power under the constitution so to do ; that is, that the term of office of county auditors is limited by the constitution to three years, and it cannot be extended by legislative enactment. These propositions therefore challenge our consideration, and in an examination of them we arrive at the following conclusions:
First — That the legislature cannot create a vacancy in a county office, and fill such vacancy by extending the term of the incumbent beyond the time fixed by sec. 2 art. 10 of the constitution of Ohio, namely, not exceeding three years.
Second — That the legislature has no power, as attempted to be exercised in the act of 1894, to extend the term of a county auditor beyond the constitutional limit of three years. State ex rel. Att’y-Gen. v. Brewster, 44 Ohio St. 589.
Third — That the attempt of the legislature to fill the vacancy as provided by sec. 2 of the act of May 21, 1894, does not invalidate the provisions of the first section — being section 1013, Rev. Stat., and although it (sec. 2) is rejected, it is to be considered for purposes of construction as part of the act.
In State ex rel. McNeal v. Dambaugh, Clerk, etc., 20 Ohio St. 167, the court hold: “The rejection of some of the provisions of a statute, for unconstitutionality, will not vary the sense or meaning of its remaining provisions, which are to be construed as well in the light of those rejected, as of those which remain.”
*603 Id the opinion, Welsh, J., uses this language: “It is a mere figure of speech that we say an unconstitutional provision of a statute is ‘ stricken out.'
“ For all the purposes of construction it is to be regarded as part of the act.
“The meaning of the'legislature must be gathered from all they have said, as well from that which is ineffective for want of power, as from that which is authorized by law.”
Fourth. — That the legislature has power to fix the time at which the term of county officers is to begin. State ex rel. Att’y Gen. v. Brewster, 44 Ohio St. 589; State ex rel., etc. v. McCracken, 31 W. L. B. 214.
The first section of the act under consideration provides, that the-county auditor shall be chosen triennially, and hold his office for three years commencing on the third Monday in October next after his election.
That this applies as well to those who were elected in November, 1893, as to those to be subsequently elected, is very clearly determined by construing the first section of the act in connection with section 2, which provides that the term of office of any county auditor in office at the time of the passage of the act shall be extended, etc., the intent of the legislature being that those in office should remain until the time fixed by the act. This excludes those that were elected at the November election, 1893, from exercising the duties of the office until the third Monday of October next after such election. In the case of The State ex rel. etc. v. McCracken, before cited, it was held that under a statute similar to the one under consideration, the clerks of the court, in office, and elected in pursuance of the statute theretofore in force, were entitled to hold the office until their successors qualified in pursuance of the statutes under which they were elected. This was because section 16, article 4, of the constitution of the state, provides that the clerk of the court shall hold his office for the term of three years and until his successor is elected and quali *604 fied, and that until such time arrived as fixed by the legislature for his term to begin, he could not qualify.
Saltzgaber & Marble, for relator.
Horace Richie, for respondents.
Section 2, article 10, of the constitution contains no such provision, but limits the term of county officers to not exceeding three years, as may be provided by law.
Because the legislature was without power to fill the vacancy created by the statute, as attempted to be done by section 2, of the act of May 21, 1894, does not invalidate the first section, nor does it give to the relator any right to the office until the time fixed by the act for his term to begin.
The time, to-wit: the third Monday of October, having expired, no judgment of ouster can be rendered, and while the respondent was not entitled to the office during the time from the second Monday in September until the third Monday in October, still having performed the duties of the office, he was auditor de facto. The vacancy created was not otherwise filled.
The petition of the relator is dismissed at his costs.